**Ex parte Lew A. KANAZIZ.**

**No. 41018.**

Court of Criminal Appeals of Texas.

Jan. 17, 1968.

Lew A. Kanaziz, pro se.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, Crawford C. Martin, Atty. Gen., Monroe Clayton, Asst. Atty. Gen., Austin, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The petition for writ of habeas corpus presented to this court and ordered filed attacks the validity of the conviction for robbery affirmed by this court in Kanaziz v. State, 382 S.W.2d 485.

The state and the Respondent, Dr. George Beto, Director of the Texas Department of Corrections, move that the Petitioner's application be dismissed, the grounds being that such petition as well as the petition previously presented to the Judge of the 174th District Court of Harris County each fails to comply with Art. 11.07 Vernon's Ann.C.C.P. as construed in Ex parte Young, Tex.Cr.App., 418 S.W. 2d 824, and Ex parte Eiland, Tex.Cr.App., 420 S.W.2d 955, in that each is sworn to be true only to the best of the applicant's knowledge and belief.

Certified copies of the petition presented to the District Court and the Court's order thereon sustain the state's contention. Such certified copies reflect that the district judge denied permission to file the application on September 22, 1967.

The petition before this court was received October 20, 1967, and thereafter on November 1, 1967, an affidavit was received from applicant with the request that it be considered with his petition.

The affidavit was sworn to on October 20, 1967, hence it is apparent that it was not before the District Judge in connection with the petition he denied leave to file on September 22, 1967.

 We deem it appropriate in this connection to say that we see no reason why, especially in cases where a prior conviction in another jurisdiction used for enhancement is attacked, the judge conducting the post-conviction habeas corpus hearing may not consider affidavits such as the Federal Courts are authorized to do under Title 28, Sec. 2246, U.S.C.A.

 The petition for writ of habeas corpus filed in this court is dismissed without prejudice to applicant's right to obtain a hearing in the 174th District Court by petition meeting the requirements of Art. 11.07 C.C.P., 1965, as amended, and the opinion of this court in Ex parte Young, supra.

## CONCURRING OPINION

MORRISON, Judge.

While I agree with the disposition of this application, I wish to call to petitioner's attention the fact that this Court has before it an affidavit executed by the Chief Appellate Counsel for Oakland County, Michigan, in which he swears that a thorough search of the records of the Circuit Court of said county reveals that petitioner was not represented by an attorney at the time he was convicted of the offense alleged for enhancement in paragraph two of the indictment in Kanaziz v. State, supra.

Such affidavit will be made available to petitioner when he makes his new application to the trial court.

I concur.