**Percy N. HENDRICK, Petitioner,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. 69–H–369.**

United States District Court
S. D. Texas,
Houston Division.

April 22, 1969.

Percy N. Hendrick, pro se.

Crawford C. Martin, Atty. Gen. of Tex., Austin, Tex., for respondent.

#### Memorandum and Order

INGRAHAM, District Judge.

Petitioner, a prisoner in state custody, has forwarded to this court his petition for the writ of habeas corpus which he seeks leave to file in forma pauperis.

Leave to proceed in forma pauperis is granted in this court only and the clerk is directed to file the petition.

This is the fifth application filed by this petitioner. Previous cases are: Hendrick v. Beto, 253 F.Supp. 994 (S. D.Tex.1965), aff'd, 360 F.2d 618 (5 C.A. 1966); Hendrick v. Beto, C.A. No. 66–H–907 (S.D.Tex.1966); Hendrick v. Beto, C.A. No. 67–H–561 (S.D.Tex. 1967); Hendrick v. Beto, C.A. No. 68–H–128 (S.D.Tex.1968). The last mentioned petition was dismissed on October 15, 1968, without prejudice to the petitioner to refile after proper exhaustion of state remedies pursuant to Vernon's Ann.Tex.Code Crim.P. art. 11.07. The files reflect that the petitioner had presented his application to the state courts, but he had sworn to his allegations only on the basis of best knowledge and belief rather than on the basis of knowledge itself as required by state law. Ex parte Young, 418 S.W.2d 824 (Tex.Cr.App.1967); cf. Ex parte Kanaziz, 423 S.W.2d 319 (Tex.Cr.App.1968); Ex parte Eiland, 420 S.W.2d 955 (Tex. Cr.App.1967).

The petition in the instant case follows the petitioner's efforts to comply with order in C.A. No. 68–H–128, dated October 15, 1968. He began by filing his petition in the 178th District Court of Harris County, Texas, on October 17, 1968. He used the forms supplied by the state, executing the affidavit contained therein but striking the printed words "correct to the best of his knowledge and belief." The application was denied without a hearing on November 29, 1968.

Petitioner next filed his petition in the Texas Court of Criminal Appeals. He alleged there, as he does in this court, that, among other things, he was denied effective assistance of counsel in the following manner: "Defense counsel Mr. Alan Haley appointed by the Court saw petitioner only one time, one day before trial and did not (know) what kind of case was being tried. Was not present when petitioner was sentenced and refused to appeal the case when petitioner notified him that he desired an appeal." Petitioner executed an affidavit to the petition, swearing that "this petition for Writ of Habeas Corpus (2 pages) is *true and correct*." (Petitioner's emphasis). On February 28, 1969, a post card was mailed from the clerk of the Court of Criminal Appeals, stating that "This is to advise that the Court has denied without written order the application for writ of habeas corpus and without prejudice. See Young 418 SW2d 824."

On the face of the foregoing, this court must assume that the petitioner's application was not considered on its merits; therefore it cannot, in accordance with the principle of comity, con-

sider the petition because the petitioner has not exhausted his state remedies. But the court is compelled to inquire into exactly what the Texas courts demand before a petitioner can be said to have met the requirements of Ex parte Young.

The Young case holds, among other things not pertinent here:

(1) That the Court of Criminal Appeals will not entertain a petition for writ of habeas corpus unless the petition is first presented to the convicting court;

(2) That Article 11.07, Tex.Code Crim.P., furnishes statutory authority:

(a) for an evidentiary hearing for the resolution of disputed fact issues;

(b) for the Court of Criminal Appeals to adopt the findings of the district judge if it wishes;

(c) for the district judge "to require that the petition contain sworn allegations of fact rather than mere conclusions. Oath 'that the allegations of the petition are true, according to the belief of the petitioner,' Art. 11.14 V.A.C.C.P., would not meet the requirement that the post conviction petition contain sworn allegations of fact, and allegation such as that petitioner was denied due process of law or effective aid of counsel would not be sufficient as 'allegations of fact.' ";

(d) for the district judge to determine "whether the facts alleged under oath, if proved, would render the applicant's confinement under the felony conviction illegal, and if so whether such facts are disputed or have been resolved (such as at the trial or during the pendency of the motion for new trial or the appeal, or a prior collateral hearing)." Id. at 829; and

(3) That the district judge may deny the petition without a hearing and without filing formal findings of fact and conclusions of law.

In this case the court has noted that the petitioner first applied for relief to the district court, which was denied without a hearing. The sole reason given by the district judge for dismissal was that the application did not "contain sworn allegations of fact which, if true, would render applicant's confinement illegal under the judgment and sentence of this court * * *"

This decision, with nothing more, is evidently adequate under Young to pass the petition on to the Court of Criminal Appeals. But insofar as this court's duty to determine whether the petitioner has actually exhausted state remedies is concerned, it presents a problem. For example, looking only at the contention that the petitioner was denied effective assistance of counsel, the district judge could have meant one of several things:

(1) That the assertion was a mere conclusion and not fact;

(2) That the "facts" given in support of the contention were not sufficient to constitute facts within the meaning of Young;

(3) That if the contention was not a conclusion, the assumed truthful fact that an attorney who represents his client while not knowing the nature of the case is not ineffective counsel as a matter of law;

(4) That the contention had been resolved at trial, pending motion for new trial, appeal, or a prior collateral hearing;

(5) That the petitioner did not swear to the truthfulness of the application in the proper manner; or

(6) That the petition was insufficiently drawn in some other manner.

The district judge's ruling is therefore such that it could be construed to constitute a decision on the merits of the petition, or simply a dismissal for failure to sufficiently plead. The same holds true for the Court of Criminal Appeals' decision, but since the court dismissed the petition without prejudice, citing Young, this court must conclude that the petition was dismissed for insufficiency, and not on the merits. This court does not know whether the appel-

late court dismissed it because the district court did not consider its merits, or whether because it found some defect not discovered by the district judge when he dismissed it on the merits, if that is what he did. It is almost impossible to envision the district judge's ruling as a decision on the merits, but at the same time, it is equally difficult to divine the insufficiency.

Disregarding the bulk of the petition, the court observes that petitioner made one allegation supported by facts which this court believes would at least justify requiring the state to answer. He swore that the facts asserted are *true*, not merely true to his best knowledge and belief (the importance of such a distinction being to this court's mind elusive at best). He filed his petition in the proper sequence and in the proper court. In obeyance to the printed instructions, he printed legibly, signed the petition, and had it notarized. If, in spite of all this, the state courts believed that the petition was insufficient, this court is completely unable to determine the element in Ex parte Young that was not met.

■■ Article 11.07, Tex.Code Crim. P., has been lauded as being an effective, adequate, and speedy post conviction procedure. The federal courts have repeatedly dismissed petitions where the procedure was not used, even though the issues presented were ripe for federal habeas corpus. This has been because if an evidentiary hearing is required, it should be had in the state courts where

a "fully effective, practicable procedure is available under state law." Peters v. Rutledge, 397 F.2d 731, 735 (5 C.A. 1968). But where no hearing is held, and the only reason given for dismissing the petition without a hearing is, ostensibly at least, that the petitioner has failed in some undisclosed way to plead correctly, the "speedy procedure" becomes a closed circle. The petitioner is forced to bounce between state and federal courts, each time renewing his contentions in the best way he can, and each time failing to satisfy state procedures in some respect incomprehensible even to this court. At this point the principle of comity becomes at best questionable. Nevertheless this court's duty is clear: it cannot afford the petitioner a hearing in accordance with Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), until it is shown that the state courts have dismissed the petition on its merits. So long as it appears that the petitioner has not exhausted his state remedies, this court may not act.

■ This court is powerless to demand that the state court give it so much as a hint as to the reasons why it denies habeas corpus petitions. It may only inquire, and trust that the next time the petitioner faces this direction on his trip around this not-so-merry-go-round, it will be in a position to give the application whatever consideration it is due.

The petitioner having failed to exhaust state remedies the petition is Dismissed * without prejudice.

---

* In a recent Fifth Circuit case involving an allegation of ineffective assistance of counsel, both the state court and the federal district court dismissed the petition without a hearing. The Court of Appeals said: "We are clear that the state habeas court should have held an evidentiary hearing * * *. A hearing must be had. The question then arises: where? State or Federal Court? * * * We deem it appropriate, in the interest of federal-state comity, to afford the state habeas court the opportunity to hold the evidentiary hearing which is required in this matter, as authorized by Article 11.07

* * *. Whatever procedure, whether ordinary or extraordinary, is necessary in order to make appellant's Article 11.07 remedy fully effective should be implemented by the Texas Courts." Berry v. Beto, 410 F.2d 503 at 504 (5 CA, April 18, 1969). The court vacated the federal district court's decision, even though the state court had had the opportunity but had refused to hold a hearing. This emphasizes the deference the federal courts will pay the state courts, and clearly demonstrates why this court must dismiss the petition.