

second instance objection to the following argument was overruled:

"MR. CLARK: Ladies and gentlemen. I believe there was testimony in the prior phase of the trial that the Defendant said to Robert Lee Miller that he was going to kill him and I submit to you that its' a reasonable deduction from the evidence since the Defendant was in Robert Lee Miller's house and threatened to kill him before, that if he got back on the street—

"MR. STANTON: Your Honor, we are going to object to the Assistant District Attorney talking about the deductions from the evidence. That's the province of the Jury and we object to that.

"THE COURT: Overruled."

The record shows the complainant did testify as stated by the prosecutor in this argument. It was not error to overrule the objection. The ground of error is without merit.

■ Appellant is represented by counsel who filed a brief in the case. There is no right to hybrid representation. *Landers v. State*, 550 S.W.2d 272 (Tex.Cr.App.). The pro se briefs therefore present nothing for review. An examination of the contentions asserted therein reveals no error that should be considered in the interest of justice.

The judgment is affirmed.

Robert Huttash, State's Atty., Austin, for State.

## OPINION

ROBERTS, Judge.

This is an application for habeas corpus relief from a final felony conviction. The petitioner, who is applicant's attorney, has sworn that the allegations in the application "are to the best of [his] information and belief, true and correct." This verification is not sufficient for such an application. *Ex Parte Eiland*, 420 S.W.2d 955 (Tex.Cr.App.1967); *Ex parte Young*, 418 S.W.2d 824, 829 (Tex.Cr.App.1967).

The application is denied.

**Ex parte Ronald W. JACKSON.**

**No. 67705.**

Court of Criminal Appeals of Texas, En Banc.

June 3, 1981.

**Ex parte Frank MORGAN.**

**No. 67801.**

Court of Criminal Appeals of Texas, En Banc.

June 3, 1981.