### Ex parte Charles Elton BROOKS.

### No. 69015.

Court of Criminal Appeals of Texas,
En Banc.

July 21, 1982.

Rehearing Denied Sept. 15, 1982.

Charles Elton Brooks, pro se.

Robert Huttash, State's Atty., Austin, for the State.

### OPINION

ROBERTS, Judge.

The applicant has filed in the convicting court a petition for habeas corpus relief from a final felony conviction. It makes a number of allegations; it is signed by the petitioner, and it ends with the jurat, "SUBSCRIBED AND SWORN TO BEFORE ME _8_ DAY OF _Feb._ 1982 [signed] _E. E. Alford_ NOTARY PUBLIC IN AND FOR ANDERSON COUNTY TEXAS. E. E. ALFORD, NOTARY PUBLIC ANDERSON CO., TEXAS, MY COMMISSION EXPIRES, JUNE 11, 1984."

The State's only answer to the petition was,

"Applicant's Application for Writ of Habeas Corpus filed in this Court is insufficient in law and should not be heard by this Court as each and every allegation contained in Applicant's Application is not sworn to as required by law. *Ex Parte Young*, 418 S.W.2d 824 [(Tex.Cr. App.)]; and *Ex Parte Ronald Jackson*, 616 S.W.2d 625 (Tex.Cr.App.1981)."

The convicting court found that the

"Application is insufficient in law and in fact for the reason that the oath appended thereto fails to meet the requirements as set out in *Ex Parte Young*, 418 S.W.2d 824; and *Ex Parte Ronald Jackson*, 616 S.W.2d 625 (Tex.Cr.App.1981).

"IT IS THEREFORE ORDERE [sic], ADJUDGED, AND DECREED by the Court that a hearing on Applicant's Application for a Writ of Habeas Corpus filed in this Court should be and is hereby denied for the above stated reason."

It took no other action.

It is apparent that the State and the convicting court have misread *Young* and *Jackson*, supra. *Young* examined the then-recent revision of V.A.C.C.P. Article 11.07, Sections 2 et seq., which govern applications for habeas corpus relief from final felony

convictions. The court noted that, while a statute permits most habeas corpus petitions to be sworn on belief,* such a qualified oath "would not meet the requirement that the post conviction petition contain sworn allegations of fact. . . ." 418 S.W.2d at 829. Petitions have been denied which were sworn "to the best of [his] information and belief," *Ex parte Jackson*, supra, or to the best of the applicant's belief, *Ex parte Eiland*, 420 S.W.2d 955 (Tex.Cr.App.1967).

The oath on this petition is not deficient. *Chevallier v. Henry H. Williams & Co.*, 2 Tex. 239, 242 (1847). It is not sworn on belief or qualified in any way. It meets the requirement of *Ex parte Young* and *Ex parte Jackson*, supra. The convicting court should not have abnegated its "duty . . . to decide whether there are controverted, previously unresolved [issues of] facts material to the legality of the applicant's confinement." V.A.C.C.P. Article 11.07, Section 2. The convicting court must follow the statutory procedure in this case.

It is so ordered.

---

* "Oath must be made that the allegations of the petition are true, according to the belief of the petitioner." V.A.C.C.P. Art. 11.14(5).