**Ex parte Michael Eric BURNS.**

**No. 69019.**

Court of Criminal Appeals of Texas, En Banc.

July 21, 1982.

Robert Huttash, State's Atty., Austin, for the State.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Two habeas corpus applications have been filed in the district court, seeking relief from the applicant's convictions for felonies. They allege (1) that the applicant was denied counsel of his choice when "court personnel," intending to induce him to plead guilty, persuaded him to forego his desire to retain counsel and to accept appointed counsel, (2) that he was denied counsel when "court personnel" persuaded him to plead guilty (the subsequent appointment of counsel only serving to give "an air of legality" to his decision), (3) that he was denied effective assistance of counsel in that his appointed counsel did not, and could not have had time to, investigate the facts or the law, and (4) that his decision to plead guilty was not intelligent or voluntary.

The applications were signed and presented by the applicant's attorney. He swore on his oath that the allegations in the applications were true and correct.

The State generally denied the allegations of the applications. Its answers also said:

"The application for writ of habeas corpus is not properly verified in that it is sworn to by counsel rather than the applicant. The application is thus not properly before the court and does not qualify for consideration on its merits, *Ex parte Jackson*, 616 S.W.2d 625 (Tex.Cr.App. 1981).

"Respondent, therefore, requests that the court find that there are no controverted, previously unresolved facts material to the legality of Applicant's confinement which require further investigation by the court and to recommend to the Court of Criminal Appeals that this improperly verified application not be considered."

The judge of the convicting court granted those requests, saying in each case, "The court finds that the application is improperly verified in that the applicant has not sworn to it. Therefore, said application presents nothing for consideration." The judge made no other findings.

These applications were properly verified; there is no impropriety in the verification's being made by counsel—or any other person—rather than the applicant. "The word applicant, as used in this [Habeas Corpus] Chapter, refers to the person for whose relief the writ is asked, though *the petition may be signed and presented by any other person.*" V.A.C. C.P. Article 11.13 (emphasis added).

It would be an unwise requirement, indeed, that the petition must be sworn to by the person for whose relief the writ is asked. "The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty." V.A.C.C.P. Article 11.01. If that same person were required to swear personally to the application for such a remedy, the anomalous result would be that persons who were most completely restrained in their liberty, so as to be unable to execute sworn applications, would be those who had the least access to the remedy for such restraint. The law imposes no such requirement, and the State misread our opinion in *Ex parte Jackson*, 616 S.W.2d 625 (Tex.Cr.App.1981).

The application in *Ex parte Jackson*, supra, happened to have been verified by Jackson's attorney, but that fact played no part in the denial of the application. It was denied because it was verified with the qualification, "to the best of [his] information and belief," rather than unqualifiedly. An oath so qualified may be sufficient for other kinds of habeas corpus petitions,[1] but it is not sufficient for an application for habeas corpus relief from a final felony conviction. *Ex parte Young*, 418 S.W.2d 824, 829 (Tex.Cr.App.1967). This stricter requirement that the oath be unqualified applies whether the application is verified

---

1. "Oath must be made that the allegations of the petition are true, according to the belief of the petitioner." V.A.C.C.P. Art. 11.14(5).

by the applicant himself,[2] or by his counsel,[3] or by any other person. But it is not required that the verification be made by the applicant.

The convicting court should not have concluded that, because the applicant had not sworn to them, the applications presented nothing for consideration. It must comply with its statutory duty to decide whether there are controverted, previously unresolved issues of fact material to the legality of the applicant's confinement, and to resolve any such issues. *See generally Ex parte Duran,* 581 S.W.2d 683 (Tex.Cr.App. 1979); V.A.C.C.P. Article 11.07, Sections 2 et seq.

It is so ordered.

**2.** *Ex parte Eiland,* 420 S.W.2d 955 (Tex.Cr.App. 1967).

**3.** *Ex parte Jackson,* 616 S.W.2d 625 (Tex.Cr. App.1981).