Ex parte Willie JOHNSON, aka
William E. Johnson.

No. 71133.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 30, 1991.

Rehearing Overruled July 3, 1991.

Willie Johnson, pro se.

Ken Anderson, Dist. Atty., and Sally Ray, Asst. Dist. Atty., Georgetown, Robert Huttash, State's Atty., Austin, for the State.

OPINION

MILLER, Judge.

Applicant was convicted of aggravated sexual assault[1] and sentenced to 25 years imprisonment in the Texas Department of Criminal Justice, Institutional Division. No appeal was taken from this conviction.

---

1. Appellant was charged in a two count indictment with aggravated sexual assault, V.T.C.A. Penal Code § 22.021, and indecency with a child, V.T.C.A. Penal Code § 21.11. Pursuant to a plea bargain agreement, the State abandoned the second count, and appellant pled guilty to the first count, the aggravated sexual assault charge.

In this application for writ of habeas corpus, filed in the convicting court on February 28, 1990, applicant alleges he was improperly admonished before he pled guilty, that he was denied the effective assistance of counsel, that he was denied due process, and, in an amendment to his application, that the trial court was without jurisdiction because the judge failed to hold an examining trial. On March 14, 1990, the trial judge issued an order directing the district clerk to take no further action on this application because it was not "made on oath as required by Article 11.14(5)", V.A.C.C.P.[2] Subsequently, on July 2, 1990, applicant filed a motion to quash the trial judge's order alleging, *inter alia,* that he complied with Art. 11.14(5) by using the Unsworn Declaration as allowed by and set out in V.T.C.A. Civil Practice and Remedies Code §§ 132.001–132.003.[3] The State filed an answer on July 18, 1990, to applicant's writ application responding that the application does not contain the oath required by Art. 11.14(5) or the unqualified oath required by *Ex parte Young,* 418 S.W.2d 824 (Tex.Cr.App.1967), and its progeny. The State also asserted that the unsworn declaration in the Civil Practice and Remedies Code (see footnote 3 *supra* ) was insufficient in law and fact to raise factual allegations which must be assessed by either the district court or this Court pursuant to Art. 11.07, § 2.

On July 18, 1990, the trial judge entered another order, withdrawing his previous order of March 14, 1990, and including findings of fact and conclusions of law although no hearing was held on the writ application. The trial judge entered the following conclusions of law:

1. The application does not contain the oath required by Art. 11.14(5), Tex.Code Crim.Proc.; neither does it contain the unqualified oath required by *Ex parte Young,* 418 S.W.2d 824 (Tex.Cr.App. 1967) and its progeny, *Ex parte Brooks,* 637 S.W.2d 744 (sic) [955] (Tex.Cr.App. 1982); *Ex parte Burns,* 635 S.W.2d 744 (Tex.Cr.App.1982); *Ex parte Jackson,* 616 S.W.2d 625 (Tex.Cr.App.1981).

2. The provisions of Sections 132.001–132.003, Civil Practice & Remedies Code, do not apply to Art. 11.07, Section 2, post-conviction applications for habeas corpus.

3. The total failure to state under oath that the allegations are true, (sic) is a defect which is so material in substance that the factual allegations do not create a justiciable case or controversy; therefore, the document filed does not constitute an application under Art. 11.07, Section 2.

2. Article 11.14 provides for the requisites of a habeas corpus petition. Section 5 specifically requires that:

> Oath must be made that the allegations of the petition are true, according to the belief of the petitioner.

Applicant's "Certificate of Verification" states: Pursuant to Art. 132.003, of the Texas Civil Practices and Remedies Code, I, William (Willie) Johnson, TDC # 493576, being presently incarcerated at the Wynne Unit of the Texas Department of Criminal Justice, Institutional Division, declare under penalty of perjury, that all allegations and statements in the foregoing Writ of Habeas Corpus are true and correct to the best of my knowledge. [Signed]

3. These sections, which became effective September 1, 1987, provide:

**§ 132.001. Use by Inmates in Lieu of Sworn Declaration**

(a) Except as provided by Subsection (b), an unsworn declaration made as provided by this chapter by an inmate in the Texas Department of Corrections or in a county jail may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law.

(b) This chapter does not apply to an oath of office or an oath required to be taken before a specified official other than a notary public.

**§ 132.002. Requirements of Declaration**

An unsworn declaration made under this chapter must be:

(1) in writing; and

(2) subscribed by the person making the declaration as true under penalty of perjury.

**§ 132.003. Form of Declaration**

The form of a declaration under this chapter must be substantially as follows:

"I, (insert name and inmate identifying number from Texas Department of Corrections or county jail), being presently incarcerated in (insert Texas Department of Corrections unit name or county jail name) in _____ County, Texas, declare under penalty of perjury that the foregoing is true and correct. Executed on (date). (signature)"

4. The unsworn declaration contained in the purported application is insufficient in law to invoke this Court's Art. 11.07 Section 2, subject matter jurisdiction.

5. The jurisdiction of this Court is therefore limited to whether this Court has jurisdiction.

6. The application should be dismissed for want of jurisdiction under Art. 11.07, Section 2, without prejudice to the applicant's right to file a properly sworn application. *See Ex parte Kanaziz*, 423 S.W.2d 319 (Tex.Cr.App.1968).

7. In the alternative, if the application invokes the operation of Art. 11.07, the unsworn facts contained in the application are insufficient in law and in fact to raise factual allegations which are material to the legality of the applicant's confinement. *Compare Ex parte Brooks*, 637 S.W.2d 955 (Tex.Cr.App.1982).

Before addressing the merits of applicant's writ application, we must initially determine whether applicant has properly sworn to the facts alleged in his application.

In *Ex parte Young*, 418 S.W.2d 824, this Court construed Art. 11.07 of the 1965 Code of Criminal Procedure in light of "new concepts of the meaning of due process announced by the Supreme Court of the United States[.]" *Id.* at 826. The wording of the statute, which at that time had been amended by Acts 1967, 69th Leg., p. 1734, ch. 659, § 7, effective August 28, 1967, provided in relevant part:

When a petition for writ of habeas corpus presented to the judge of the convicting court contains *sworn allegations of fact*, which, if true, would render petitioner's confinement under the felony conviction illegal, the attorney representing the state in said court and the Attorney General of Texas shall be afforded an opportunity to answer such allegations, and if it appears that there are issues of fact which are material on the question of whether the petitioner is illegally restrained which have not been

resolved, the petitioner may be granted a hearing on such issues of fact and the judge conducting such hearing shall make and file his findings of fact and conclusions of law. (emphasis added)

After reviewing Art. 11.07, the Court held *inter alia*, that Art. 11.07

[a]uthorizes the judge of the convicting court to require that the petition contain sworn allegations of *fact* rather than mere conclusions. Oath 'that the allegations of the petition are true, according to the belief of the petitioner,' Art. 11.14 V.A.C.C.P.[4], would not meet the requirement that the post conviction petition contain sworn allegations of fact, and allegations such as that petitioner was denied due process of law or effective aid of counsel would not be sufficient as 'allegations of fact.' (emphasis in original)

This Court thus interpreted Art. 11.07 to require an unqualified oath. See *Ex parte Eiland*, 420 S.W.2d 955 (Tex.Cr.App.1967) (petition sworn to be true only to best of applicant's belief fails to comply with Art. 11.07); *Ex parte Jackson*, 616 S.W.2d 625 (Tex.Cr.App.1981) (following *Ex parte Young* and *Ex parte Eiland*, court holds verification insufficient where allegations are "to the best of [applicant's] belief, true and correct"); *Ex parte Burns*, 635 S.W.2d 744 (Tex.Cr.App.1982) (qualified oath insufficient for application for habeas corpus relief from final felony conviction); and *Ex parte Brooks*, 637 S.W.2d 955 (Tex.Cr.App. 1982) (Art. 11.14(5) oath does not meet requirement that post conviction petition contain sworn allegations of fact).

The Court, in *Ex parte Young*, 418 S.W.2d 824, obviously wrestled with reconciling the requirement in Art. 11.07, § 2, that the petition be made upon "sworn allegations of fact" with the requisite in Art. 11.14(5) that an "oath must be made that the allegations of the petition are true, according to belief of the petitioner." Indeed, in *Ex parte Brooks*, 637 S.W.2d at 955–956, the Court stated:

Oath must be made that the allegations of the petition are true, according to the belief of the petitioner.

**4.** Article 11.14(5) provided then, as it does now and has since its promulgation, that:

*[Ex parte] Young* examined the then-recent revision of V.A.C.C.P. Article 11.07, Sections 2 et seq., which govern applications for habeas corpus relief from final felony convictions. The court noted that, while a statute permits most habeas corpus petitions to be sworn on belief [Art. 11.14(5)], such a qualified oath 'would not meet the requirement that the post conviction petition contain sworn allegations of fact ...' 418 S.W.2d at 829. Thus, clearly the Court required an unqualified oath for habeas corpus petitions challenging final felony convictions pursuant to Art. 11.07 because of the express language requiring "sworn allegations of fact".

Article 11.07 was again amended in 1973, but only minor textual changes were made. The statute was divided into four sections, and the language regarding "sworn allegations of fact" was maintained in what was now labelled "Sec. 2(b)". Subsequently, however, Section 2(b) was substantially amended[5] to read:

> Whenever a petition for writ of habeas corpus is filed after final conviction in a felony case, the clerk shall transfer or assign it to the court in which the conviction being challenged was obtained. When the petition is received by that court, a writ of habeas corpus, returnable to the Court of Criminal Appeals, shall issue by operation of law. The clerk of that court shall make appropriate notation thereof, assign to the case a file number (ancillary to that of the conviction being challenged), and send a copy of the petition by certified mail, return receipt requested, to the attorney representing the state in that court, who shall have 15 days in which it may answer the petition. Matters alleged in the petition not admitted by the state are deemed denied.

The express language requiring "sworn allegations of fact" was deleted from Art. 11.07 by this amendment. Section 2(b) has not been further amended[6], and, the above version is that which was in effect at the time applicant filed his application for writ of habeas corpus in the convicting court on February 28, 1990. Thus, several issues remain, to-wit: whether the deletion of the "sworn allegations of fact" language, when coupled with the still effective Art. 11.14(5), changes the type oath required for applications for writs of habeas corpus; if yes, then whether the type oath required is the qualified oath of Art. 11.14(5); and, if the Art. 11.14(5) oath is legally sufficient, then whether the unsworn declaration in § 132.003 may be properly used therefor.

As we have discussed, the requirement from *Ex parte Young*, 418 S.W.2d 824, that applications for writs of habeas corpus be made on sworn allegations, and thus unqualified oaths, came from the express language of the statute requiring the petition "contain[ ] sworn allegations of fact". It was determined that the qualified oath of Art. 11.14(5) applied to habeas corpus applications challenging something other than a final felony conviction. See *Ex parte Brooks*, 637 S.W.2d 955. When section 2(b) was amended and the sworn allegations requirement was deleted, no other comparable provision was added to Chapter 11 of the Code of Criminal Procedure; the only provision requiring verification of the allegations in a writ petition was Art. 11.14(5), the so-called qualified oath. Thus, the basis of this Court's decision in *Ex parte Young* that petitions must contain sworn allegations of fact was eradicated, and the Court's repeated reliance on this principle was misplaced when addressing the verification of post–1973 amendment applications for writs of habeas corpus.[7]

---

**5.** See Acts 1977, 65th Leg., p. 1974, ch. 789, effective August 29, 1977.

**6.** Article 11.07, however, was subsequently amended to add section 5. See Acts 1979, 66th Leg., p. 1017, ch. 451, § 1, effective September 1, 1979. Section 5 states:

> When the attorney for the state files an answer, motion, or other pleading relating to a petition for a writ of habeas corpus or the

court issues an order relating to a petition for a writ of habeas corpus, the clerk of the court shall mail or deliver to the petitioner a copy of the answer, motion, pleading, or order.

**7.** Thus, we also question the holdings in *Ex parte Burns*, 635 S.W.2d 744, and *Ex parte Brooks*, 637 S.W.2d 955, both of which followed *Ex parte Young* although they were decided long after the amendment to Art. 11.07, § 2(b),

We therefore hold that a petition for writ of habeas corpus is not required to contain sworn allegations of fact or be made upon an unqualified oath, but rather the qualified oath of Art. 11.14(5) is required and legally sufficient for verification of a petition for writ of habeas corpus. We must now determine whether the unsworn declaration in § 132.003 of the Civil Practice and Remedies Code is a proper verification method pursuant to Art. 11.14(5).

■ Article 11.14(5) specifically requires that:

[o]ath must be made that the allegations of the petition are true, according to the belief of the petitioner.

No other specifications for this oath are given in Chapter 11. Section 132.001(a) allows an inmate in the Texas Department of Corrections [8], where applicant is incarcerated, to use the unsworn declaration form in § 132.003 in lieu of a written oath, except this section does not apply to an oath of office or an oath required to be taken before a specified official *other than a notary public.* Furthermore, the unsworn declaration must be in writing and subscribed by the person making the declaration as true under penalty of perjury. Senate Bill No. 245, which provided for the enactment of §§ 132.001–132.003 among other things, states it is "an act relating to ... the manner in which defendants are sentenced, confined, and released from confinement[.]" The Senate bill analysis evidences the purpose of these specific sections was to allow "inmates to self-authenticate their documents, so TDC will not have to supply notaries all the time[.]" Given the plain meaning of §§ 132.001– 132.003 and the legislature's intent and purpose in enacting these statutes, we hold that the unsworn declaration may be used to satisfy the oath requirement in Art. 11.-14(5), V.A.C.C.P. See Govt.Code §§ 311.-011, 311.021, and 311.023.

■ We have reviewed the certificate of verification in applicant's petition for writ of habeas corpus, which applicant states he made pursuant to § 132.003 of the Civil Practice and Remedies Code. We find that the verification is in writing, made under threat of penalty for perjury, substantially complies with the form in § 132.003, and that neither exception in § 132.001(b) is applicable in this cause. We conclude applicant's certificate of verification fully complies with §§ 132.001 and 132.002.

■ Moreover, since the applicant's unsworn declaration states "that all allegations and statements in the foregoing Writ of Habeas Corpus are true and correct to the best of my knowledge", it satisfies the requisites of the oath in Art. 11.14(5). Thus, the trial judge erred in concluding that the application did not contain the oath required by Art. 11.14(5), that the application should be dismissed for want of jurisdiction, and that the unsworn facts contained in the application were insufficient in law and fact to raise factual allegations which are material to the legality of applicant's confinement. The Order dated July 18, 1990, is accordingly ordered withdrawn.

The record reflects a hearing was not held on the merits of applicant's writ application. We therefore direct the convicting court to hold such a hearing and/or obtain affidavits concerning applicant's allegations and enter findings of fact and conclusions of law. All other relief requested by applicant is, at this time, denied.

TEAGUE, Judge, concurring.

I write because I thought, at least implicitly, and in principle, the issue that the State raises in this cause, that applicant's "affidavit" was insufficient, had been resolved when this Court refused the State's petition for discretionary review in *Owens v. State*, Tex.Cr.App. No. 0376–189, May 24, 1989, rehearing denied, July 26, 1989.

which deleted the language "sworn allegations of fact", but prior to enactment of §§ 132.001–132.003. See also *Ex parte Jackson*, 616 S.W.2d 625 (Tex.Cr.App.1981), and *Ex parte Emmons*, 660 S.W.2d 106 (Tex.Cr.App.1983) (stating axiomatically that Art. 11.07 requires that an appli-

cation contain sworn allegations of fact rather than mere conclusions, citing *Ex parte Young*, 418 S.W.2d 824.)

8. Now called the Texas Department of Criminal Justice, Institutional Division.

Also see *Owens v. State*, 763 S.W.2d 489 (Tex.App.–Dallas 1988).

It has always been my understanding since Article 11.07, V.A.C.C.P., became effective that a trial court has very limited powers under that statute. The statute clearly provides that, when it comes to jurisdiction, the trial court is acting solely on behalf of the Court of Criminal Appeals. Art. 11.07, § 2(b), supra. If the convicting court decides there are controverted, previously unresolved facts material to the legality of the applicant's confinement, then it shall conduct a hearing; if the decision is to the contrary, it shall enter an order allowing the State to reply and shall decide which issues need to be resolved, and may hold a hearing and make findings of fact. This may also include the appointment of counsel. In either event, the clerk of the convicting court shall transmit everything to this Court, which makes the ultimate decision whether to grant or deny the application. In fact, the ultimate decision *on any issue* rests with this Court.

At least since September 1, 1987, when §§ 132.001, 132.002, and 132.003 of the *Texas Civil Practice and Remedies Code* became effective, the Legislature of this State gave inmates of what was then denominated the Texas Department of Corrections, now the Texas Department of Criminal Justice, Institutional Division, an alternative method to swearing to documents. Two, and only two, exceptions exist: taking an oath of office or giving an oath required to be taken before a specified official other than a notary public. Otherwise, unsworn declarations as provided in the above sections can now be used in lieu of any necessary sworn declaration, verification, oath or affidavit requirement. It is also immaterial that the legislature placed the above sections in the *Texas Civil Practice and Remedies Code*. Therefore, the provisions of the above sections may be used in an Art. 11.07, supra, proceeding, in lieu of any sworn declaration, verification, oath or affidavit that might be required by statute or case law.

My research to date reveals that the above came to us from the Federal system. See, for example, Liebman, 1 *Federal Habeas Corpus Practice and Procedure*, § 11.05. The reasons for such adoption should be obvious. Oftentimes, there was not a single notary public available at the particular unit. Also, the use of a notary public could become a favorite way to harass the inmate or his attorney by not being able to find the notary seal at that time. On the whole, however, notarizing legal papers was usually a nuisance to the more conscientious prison officials. Furthermore, the heading of S.B. 2451, which created sections 132.001–132.003, provides that the Act relates "to the manner in which defendants are ... released from confinement...." TEX.S.B. 245, 70th Leg., 1987 Tex.Gen.Laws 7064, 7110.

The unsworn declaration of applicant in this cause substantially complies with the above provisions. The State's implicit contention that applicant's petition fails to invoke the jurisdiction of this Court is totally without merit, as is the trial court's findings of fact on this point. The trial court's findings of fact (1) that the above sections are inapplicable to Art. 11.07, supra; (2) that a "justiciable case or controversy," pursuant to Art. 11.07, supra, does not exist; and (3) that the trial court does not at this time have jurisdiction over the cause pursuant to Art. 11.07, supra, are also totally without merit. However, given the allegations that applicant makes, "improper admonishment and ineffective assistance of counsel," and his support therefor, my vote is to summarily deny applicant any relief.

Therefore, I dissent to the order of this Court ordering a hearing to be held and the trial court entering new findings of fact and conclusions of law, but agree with the remainder of the opinion.