Reshawn Lewayne JOHNSON,
Appellant,

v.

The STATE of Texas.

No. 1390–98.

Court of Criminal Appeals of Texas.

Oct. 27, 1999.

Marvin Williams, Jr., Lubbock, for appellant.

Laura Bayouth Popps, Dist. Atty., Austin, Matthew Paul, State's Atty., Austin, for the State.

### *OPINION*

MEYERS, J., delivered the opinion of the Court, joined by MANSFIELD, KELLER, PRICE, HOLLAND, WOMACK, JOHNSON, and KEASLER, J.J.

Appellant was convicted of murder and the jury assessed punishment at confinement for life. The Court of Appeals for the Seventh Judicial District affirmed appellant's conviction and sentence. *Johnson v. State*, No. 07–97–0471, 1998 WL 409022 (Tex.App.—Amarillo July 22, 1998)(designated *do not publish*). We granted appellant's petition for discretionary review to decide whether a defendant may be convicted of the offense of felony murder when the underlying felony is injury to a child, and the acts that constitute that offense are the same acts that constitute "an act clearly dangerous to human life." TEX. PENAL CODE § 19.02(b)(3).

■ Appellant was indicted for felony murder. The indictment alleged appellant committed the felony offense of Injury to a Child "and while in the course of and furtherance of commission of said offense, did then and there commit an act clearly dangerous to human life, to-wit: hitting [the victim] with a deadly weapon, to-wit: a blunt object...."[1] On direct appeal,

1. The indictment alternatively alleged appellant committed the felony offense of Injury to a Child "and while in the course of and furtherance of commission of said offense, did

appellant argued that the acts allegedly forming the offense of injury to a child were the same acts relied upon by the State to prove appellant's commission of "an act clearly dangerous to human life," to-wit, hitting the deceased with a blunt object. Appellant contended the act constituting the underlying felony and the act clearly dangerous to human life merged, and thus could not support a conviction for felony murder, relying on *Garrett v. State*, 573 S.W.2d 543 (Tex.Crim.App.1978). The Court of Appeals held this argument had been rejected in *Ex parte Easter*, 615 S.W.2d 719 (Tex.Crim.App.1981), *cert. denied*, 454 U.S. 943, 102 S.Ct. 481, 70 L.Ed.2d 252 (1981), which the Court of Appeals interpreted as holding *Garrett* inapplicable to circumstances like those presented in the instant case.

The State also says appellant's argument was rejected in *Easter*. The State further contends that *Garrett* is flawed and should be overruled, but to the extent it retains any precedential authority, it ought to be limited to its facts. Finally, the State reasons that a plain reading of the felony murder statute requires this Court to find no improper merger in this case.

Texas Penal Code section 19.02(b)(3), the felony murder provision, provides:

> A person commits an offense if he ... commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

The felony murder rule dispenses with the necessity of proving mens rea accompanying the homicide itself; the underlying felony supplies the culpable mental state. *Garrett*, 573 S.W.2d at 545. Under the plain language of the provision, it appears that any felony can serve as the underly-

ing felony, with the exception of manslaughter.

Despite the plain language, we have interpreted section 19.02(b)(3) as exempting from the felony murder rule not only manslaughter, but also lesser included offenses of manslaughter. *Garrett, supra.* In *Garrett*, the defendant became involved in an altercation with a store clerk. The defendant claimed he pulled his gun in an attempt to scare the clerk. *Id.* at 544–45. The gun went off and killed the clerk, although the defendant maintained he had not intended to fire. The defendant was charged with felony murder, the underlying felony being aggravated assault on the deceased. The question presented was whether the felony murder doctrine as embodied in section 19.02(b)(3), applies where the underlying felony is an assault that is inherent in the felony. We said it does not, emphasizing that to hold otherwise would render every aggravated assault resulting in death a felony murder, thereby relieving the State of the burden of proving mental state in most murder cases since murder usually results from some form of assault. We stated, "There must be a showing of felonious criminal conduct other than the assault causing the homicide." *Id.* at 546. We noted this view was consistent with section 19.02(b)(3), reasoning that the provision's exclusion of manslaughter necessarily encompassed lesser offenses that were included in voluntary manslaughter.

The language used in *Garrett*, requiring a "showing of felonious criminal conduct other than the assault causing the homicide[,]" suggested wholesale adoption of what is known as the "merger doctrine." *Id.* As explained by one court of appeals, "[w]here there exists no general mens rea based upon proof of the commission of a separate felony which may be transferred from that crime to an independent homicide committed in the course thereof, the

---

then and there commit an act clearly dangerous to human life, to-wit: causing [the victim]

to come into contact with a deadly weapon, to-wit: a blunt object...."

felony murder rule cannot apply because there is a 'merger' of the two offenses." *Richardson v. State*, 823 S.W.2d 710, 714 (Tex.App.—San Antonio 1992, pet. ref'd). The underlying felony has to be an act separate and apart from the assault resulting in the death.

But since *Garrett*, there has been little indication that the Court intended to apply such a broadly stated rule. Certainly, we retreated from so broad an application in *Easter*. In *Easter*, like the instant case, the underlying felony was injury to a child. The defendant complained in a post-conviction writ of habeas corpus that his conviction for felony murder could not stand because the acts allegedly constituting the underlying felony of injury to a child were the same acts as those allegedly causing the resulting death. We held *Garrett* inapplicable. While our reasons for so holding were not articulated exceedingly clearly,[2] we did point to one "cogent reason for holding that the rule enunciated in *Garrett v. State, supra,* is inapplicable here[,]" that being the fact that the crime of injury to a child is not a lesser included offense to murder:[3]

> [I]n *Garrett, supra,* the aggravated assault was a lesser included offense in the homicide; and, this court properly held

that it could not be used to supply the necessary intent in the murder case.

However, the language carefully chosen in *Garrett* should not be given an overly broad meaning. Not every "assaultive" offense, if alleged as an underlying felony, will merge with the homicide in a felony murder indictment.

*Id.* at 721.

Despite the suggestion in *Easter* that *Garrett* should be limited, the Court subsequently reaffirmed application of the merger rule as set out in *Garrett*, in its opinion on original submission in *Aguirre v. State*, 732 S.W.2d 320 (Tex.Crim.App. 1982). There, the indictment alleged the felony offense of criminal mischief and further alleged that in the course of and in furtherance of such felony, the defendant committed an act clearly dangerous to human life, shooting a gun into occupied dwelling, which act caused death. The jury charge authorized conviction by murder or, alternatively, felony murder. We observed that if the jury had convicted on the basis of the felony murder theory, its verdict could not stand for the reasons stated in *Garrett*. We then stated, "[n]othing held in *Easter* militates against our application of the principles enunciated in *Garrett* to the case at bar."[4] *Id.* at 322. Upon this, we reversed the judgment on

**2.** The Court first observed that the identical claim had been rejected under the 1925 Penal Code in *Hilliard v. State*, 513 S.W.2d 28, 31–33 (Tex.Crim.App.1974), and that there had been little change in the felony murder provision in the 1974 Code. But the fact that *Hilliard* addressed the identical claim is not especially persuasive since *Hilliard* was decided before *Garrett*. The Court also noted that the underlying felony of injury to a child supplied the necessary culpable mental state under the felony murder rule, and thus the indictment was not fundamentally defective so as to be susceptible to a challenge for the first time in a post-conviction writ. This is not especially helpful, either, as it not clear from the opinion that the defendant was complaining about the indictment.

**3.** It is worth noting that *Garrett* did not speak in terms of the aggravated assault as a lesser included offense of the *homicide,* but rather as a lesser included offense of *manslaughter.*

*Garrett* did, of course, recite approval of the merger doctrine which looks to see if the act constituting the underlying felony and the act resulting in the homicide were the same. But this is not a query as to whether the underlying offense is a lesser included of murder. *Garrett* later addressed the distinct notion that the underlying offense was lesser included in the offense of manslaughter, which is exempted from the felony murder provision.

**4.** The Court's discussion as to why *Easter* did not present a problem to the rule set out in *Garrett*, is less than clear. We first said that *Easter* held the "lesson of Garrett ... inapplicable to a felony murder *indictment* for causing the death of a child when the underlying felony alleged is injury to a child and concluded the indictment was not fundamentally defective." *Aguirre*, 732 S.W.2d at 322 (opinion on original submission) (emphasis in original). But it is not apparent from our opinion in *Easter* that our focus was only on the

the ground that the verdict could have rested on the felony murder theory held untenable in *Garrett*.

After our opinion on original submission in *Aguirre*, but before our opinion on rehearing five years later, the Court delivered *Murphy v. State*, 665 S.W.2d 116 (Tex.Crim.App.1983). In *Murphy*, the indictment alleged the defendant committed the felony offense of arson by starting a fire in a habitation for the purpose of collecting insurance proceeds, and in the course of and furtherance of the commission of that offense, committed an act clearly dangerous to human life, to wit: starting a fire in a habitation, thereby causing the death of an individual. We granted review, in part, to examine the Court of Appeals' holding that the felony murder merger doctrine did not apply. The defendant argued that the conduct alleged constituting the "gist of the underlying felony, namely, 'starting a fire,' was the exact same act alleged to have been clearly dangerous to human life and thus was 'inherent in the homicide.'" *Murphy*, 665 S.W.2d at 119. We cited *Garrett* as standing for the proposition that the felony murder doctrine, embodied in section 19.02(a)(3), does not apply "where the precedent felony is an assault inherent in the homicide." *Id.* at 120. We held *Garrett* inapplicable to the facts presented in *Murphy*:

> In the instant cause, the indictment alleges and the proof shows that appellant was engaged in felonious criminal conduct, namely, arson at the time the deceased was killed. Therefore, as required in *Garrett*, there was a showing of felonious criminal conduct other than the assault which caused the homicide. Unlike *Garrett*, appellant's act of arson in setting a habitation on fire and the resulting homicide of the victim were not one in the same. In this case, appellant attempted to set fire to a house in order

to destroy it and collect insurance money, a property offense, and in the furtherance of such offense, the deceased was killed.

*Id.* It is not clear from the Court's opinion what separate felonious *act*, apart from setting the fire, lead to the victim's death. There is some suggestion that the distinction lies, not in the fact that there was a separate *act*, but in the fact that the underlying offense of arson was a p*roperty* offense, as opposed to an offense against a person.

Five years after issuing its opinion on original submission, the Court reversed itself on rehearing in *Aguirre*, holding the opinion on original submission untenable in light of *Murphy*. *Aguirre*, 732 S.W.2d at 324 (opinion on rehearing). We concluded *Aguirre* was controlled by the Court's opinion in *Murphy* due to the fact that the underlying felony at issue in *Aguirre* was a property offense. *Id.* at 325. We explained that the criminal conduct engaged in by the defendant was felony criminal mischief by attempting to blow open a door with a shotgun, a property offense. In the course of committing this property offense, the deceased was shot and killed. "Unlike the situation in *Garrett v. State*, supra, the appellant's act of criminal mischief and the deceased's resulting homicide were not one in the same. *Garrett v. State*, supra, does not mandate the reversal of this case." *Id.*

■ Focusing on the *type* of underlying offense rather than on whether or not the underlying offense is a separate *act*, is a departure from the broad language in *Garrett*, but remains somewhat consistent with *Garrett*'s statement that lesser included manslaughter offenses ought also be exempted from the felony murder rule. Although *Aguirre* (op on rehearing) and *Murphy* are not abundantly clear, one principle can be gleaned without question: the merger rule announced in *Garrett* does

*indictment.* We also stated that the evidentiary issue argued in *Easter* was rejected because sufficiency of the evidence cannot be raised on collateral attack. But this is not clear from the opinion in *Easter,* either. While the

Court did reject appellant's claim of "insufficiency" in *Easter,* the rest of the opinion does not appear to concern itself only with the question of whether the indictment was fundamentally defective.

not apply as broadly as it was stated. *Aguirre* (on rehearing) and *Murphy* demonstrate this Court's desire to limit *Garrett* to its facts. We now expressly say so and put an end to any confusion on this point. We disavow our overly broad statement in *Garrett* that in order to support a conviction under the felony murder provision, "[t]here must be a showing of felonious criminal conduct other than the assault causing the homicide." *Garrett,* 573 S.W.2d at 546. We hold *Garrett* did not create a general "merger doctrine" in Texas. The doctrine exists only to the extent consistent with section 19.02(b)(3). Thus, *Garrett* hereinafter stands only for the proposition that a conviction for felony murder under section 19.02(b)(3), will not lie when the underlying felony is manslaughter or a lesser included offense of manslaughter. This holding is consistent with the plain meaning of the felony murder provision. As we explained in *Garrett:*

> If a felony murder may be predicated on the underlying aggravated assault, the statutory restriction on the scope of the doctrine that prohibits basing a felony murder prosecution on voluntary manslaughter could be regularly circumvented. The legislative prohibition against resting a Sec. 19.02(a)(3) [now, 19.02(b)(3)] prosecution on voluntary manslaughter necessarily includes a prohibition against resting such a prosecution on offenses statutorily includable in voluntary manslaughter.

*Garrett,* 573 S.W.2d at 546.

■ The offense of injury to a child is not a lesser included offense of manslaughter. The Court of Appeals did not err in holding *Garrett* inapplicable to the facts of this case.

The judgment of the Court of Appeals is affirmed.

McCORMICK, P.J., concurred in the result.