IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0768-12






CYNTHIA ANN HUDSON, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SIXTH COURT OF APPEALS


CASS COUNTY





 Keller, P.J., delivered the opinion of the Court in which Price, Johnson,
Keasler, Hervey, Cochran, and Alcalá, JJ., joined. Womack, J., joined except
footnote 16. Meyers, J., did not participate.


 In the court of appeals, appellant complained that the trial judge erred in failing to submit to
the jury a lesser-included offense. In sustaining that complaint, the court of appeals conducted its
error analysis without considering possible intermediate lesser-included offenses that the evidence
might have supported, and it conducted its harm analysis without considering the lesser-included
offenses that were actually submitted to the jury. We shall reverse its judgment and remand for
further proceedings.

I. BACKGROUND


A. Trial


 On December 3, 2008, appellant's adopted thirteen-year-old son Samuel died after being 
brutally beaten. There was evidence that Samuel had also been confined to his room and deprived
of food for several days. First responders noticed bruising "stripes" from the boy's neck to his feet. 

 Appellant was charged with capital murder. The indictment alleged that she intentionally
murdered the victim during the course of a kidnapping. (1) The amended indictment alleged this theory
of capital murder as follows:

[Appellant] did then and there intentionally cause the death of an individual, namely,
Samuel Hudson, by beating the said Samuel Hudson with a cord, a mop handle, a
rake, a baseball bat, and by withholding food from the said Samuel Hudson when the
defendant was under a legal duty as Samuel Hudson's parent to provide food for the
said Samuel Hudson, and the defendant was then and there in the course of
committing or attempting to commit the offense of kidnapping of Samuel Hudson.


 The abstract portion of the jury charge instructed that a person commits capital murder if the
person intentionally commits the murder in the course of committing or attempting to commit
kidnapping. The application portion of the jury charge instructed the jury to find appellant guilty of
capital murder if the jury believed that she "did then and there intentionally cause the death of
Samuel Hudson" by the means alleged in the indictment and that this was done in the course of
committing or attempting to commit kidnapping. 

 The jury charge also contained instructions regarding two lesser-included offenses: (1)
murder and (2) injury to a child. (2) The jury was instructed to find appellant guilty of murder if it
found that she intentionally or knowingly killed the victim and did not find that she committed a
kidnapping. (3) The jury was instructed to find appellant guilty of injury to a child if it found that she
intentionally or knowingly caused serious bodily injury to the victim (4) and did not find that she
intentionally or knowingly caused the victim's death.

 Appellant requested an instruction on the lesser-included offense of manslaughter. That
instruction would have informed the jury that it could convict appellant of manslaughter if it found
that she recklessly caused the death of the victim. (5) The trial judge refused to submit the requested
manslaughter instruction.

 At trial, appellant testified that she committed no offense. During closing arguments, the
prosecutor argued that appellant was guilty of capital murder while defense counsel argued that
appellant was not guilty of any of the submitted offenses. Appellant was convicted of capital murder
and sentenced to life imprisonment. 

B. Appeal 


 The court of appeals reversed this conviction because appellant did not receive an instruction
on the lesser-included offense of manslaughter. (6) Assessing the evidence solely with respect to the
offenses of capital murder and manslaughter, the court of appeals held that the trial court erred in
failing to submit a manslaughter instruction and that appellant was harmed as a result. (7) With respect
to the issue of error, the court of appeals found that manslaughter was raised by the evidence because
almost all of appellant's statements tended to support the idea that she intended to discipline, not kill,
Samuel. (8) Discussing evidence that it believed negated the culpable mental state of intent and
established recklessness, the court of appeals found the failure to submit the offense of manslaughter
to be harmful. (9) The opinion of the court of appeals did not discuss other lesser-included-offense
instructions that were submitted to the jury. (10) 

 The State has filed a petition for discretionary review, complaining about the court of
appeals's error and harm analyses. (11) 

II. ANALYSIS


A. Error


 Our cases indicate that, when the evidence relied upon to raise the requested lesser-included
offense establishes a lesser-included offense that is greater than the one requested, then the defendant
is not entitled to his requested submission. (12) Under the facts of the present case, there are three
conceivable intermediate lesser-included offenses that are greater than manslaughter but are
consistent with a culpable mental state of recklessness with respect to the victim's death: (1) murder
based on intent to cause serious bodily injury, (13) (2) felony murder with the underlying felony of
kidnapping, (14) and (3) felony murder with the underlying felony of injury to a child (if the parties in
the present case were correct in their assessment that injury to a child was a lesser-included offense
of the charged capital murder, then felony murder with the underlying felony of injury to a child
would also be a lesser-included offense). (15) A complete analysis of whether a manslaughter
instruction should have been given would, therefore, have included consideration of whether the
evidence relied upon by appellant would have established one of these offenses and whether such
a circumstance would have prevented her from being entitled to the submission of manslaughter. (16)

B. Harm


 In Saunders v. State, we held that a harm analysis regarding the failure to submit a lesser-included offense should take into account the existence of any lesser-included offenses that were
submitted and that the jury's rejection of submitted lesser-included offenses could render error with
respect to the unsubmitted lesser-included offense harmless. (17) The court of appeals did not discuss
the effect of those submissions, nor did it discuss Saunders or its progeny. (18) A complete analysis
would have considered whether the error was harmless in light of the submitted lesser-included
offenses, as well as the parties' closing arguments. (19)

 We reverse the judgment of the court of appeals and remand the case for further proceedings
consistent with this opinion. 

Delivered: March 27, 2013

Publish
1. Tex. Penal Code § 19.03(a)(2).
2. The jury charge also instructed the jury that injury to a child was a lesser-included offense
of murder.
3. Id. § 19.02(b)(1). The jury charge permitted the jury to decide that appellant did not
commit a kidnapping either because her conduct did not satisfy the elements or because she
established an affirmative defense to kidnapping based upon parental authority. This resulted in a
number of application paragraphs relating to murder. Some of the application paragraphs included
both the culpable mental states of "intentionally" and "knowingly" (in the disjunctive), either
explicitly or by reference, and some included only the culpable mental state of intentionally. With
respect to one of the instructions in the written charge that included only the term "intentionally,"
the trial judge's oral instruction varied by referring conjunctively to "intentionally and knowingly." 
The abstract portion of the jury charge defined murder with respect to both the "intentionally" and
"knowingly" culpable mental states (in the disjunctive) and provided definitions of "intentionally"
and "knowingly." 
4. Id. § 22.04(a)(1).
5. Id. § 19.04.
6. Hudson v. State, 366 S.W.3d 878, 889-92 (Tex. App.-Texarkana 2012). 
7. Id.
8. Id. at 891. 
9. Id. at 892.
10. Id., passim.
11. The State's grounds are as follows:


1) Can circumstantial evidence that is subject to two interpretations be "affirmative
evidence" of only one of them, thus entitling a defendant to an instruction on a lesser-included offense?


2) Is the failure to instruct the jury on a lesser-included offense actually harmful
when the jury "passed" on the lesser-included offenses that were submitted and there
is no evidence of jury confusion or misconduct?
12. Flores v. State, 245 S.W.3d 432, 439 (Tex. Crim. App. 2008) ("a defendant is not entitled
to a jury instruction on a lesser-included offense if the evidence on which the defendant is relying
raises another offense that 'lies between' the requested and charged offenses"); Forest v. State, 989
S.W.2d 365, 368 (Tex. Crim. App. 1999) (defendant charged with murder under § 19.02(b)(1) was
not entitled to lesser-included offense of aggravated assault because "there was no evidence that [the
defendant] was guilty only of anything less than some form of murder" as the evidence upon which
he relied showed at least a murder under § 19.02(b)(2)). 
13. See Tex. Penal Code § 19.02(b)(2). 
14. See id. § 19.02(b)(3).
15. See id.; Contreras v. State, 312 S.W.3d 566, 584 (Tex. Crim. App. 2010) (offense of
felony murder can be predicated upon a killing during the course of the offense of injury to a child);
Johnson v. State, 4 S.W.3d 254, 258 (Tex. Crim. App. 1999) (same). 
16. In its first ground for review, the State attacks the court of appeals's error analysis but does
not complain about this specific aspect of the error analysis. Nevertheless, this issue is similar to
the State's second ground for review in that it addresses the court of appeals's focus on only the
charged offense versus the requested lesser offense. Consequently, we grant review of this issue on
our own motion. See Tex. R. App. P. 66.1 (we may grant review on our own initiative), 67.1 (review
may be granted on our own initiative at any time before the mandate of the court of appeals issues). 
Because we remand this case to the court of appeals, the parties will have the opportunity to brief
the issue. See Pfeiffer v. State, 363 S.W.3d 594, 599 n.16 (Tex. Crim. App. 2012). We dismiss the
State's first ground for review without prejudice.
17. 913 S.W.2d 564, 569-74 (Tex. Crim. App. 1995). See also Masterson v. State, 155
S.W.3d 167, 171-72 (Tex. Crim. App. 2005) (following Saunders). 
18. Hudson, passim.
19. See Saunders 913 S.W.2d at 574 ("As with any purported errors in the jury charge, harm
must be assayed in light of the entire jury charge, the state of the evidence, including the contested
issues and weight of probative evidence, the argument of counsel and any other relevant information
revealed by the record of the trial as a whole.") (internal quotation marks omitted).