In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-11-00207-CR
_____

SHEILA GAYE MUHS, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 253rd District Court
Liberty County, Texas
Trial Cause No. CR27784

_____

## MEMORANDUM OPINION

A jury found Sheila Gaye Muhs guilty of the murder of seven-year-old Donald R. Coffey IV. She received a sentence of life in prison. In five issues, appellant argues the indictment was defective and the evidence was insufficient to support her conviction. After a review of the record, we conclude that the issues raised do not support reversal of the judgment in this case.

Donald R. Coffey IV's family and friends traveled in the Coffeys' off-road vehicles, a Jeep and a Blazer, to a flooded area in Liberty County where the

children swam. That evening, as they were returning, the child's father drove the Jeep off the road for a brief stop. The child was riding behind his father in the rear seat of the Jeep. His mother and others were in the Blazer. The father heard at least one gunshot. The father, his friend Patrick, and Donald Coffey IV were shot. The child died as a result of a "[p]erforating firearm projectile" injury to the head.

Patrick testified that after he was shot, appellant Sheila Muhs approached the Jeep on her four-wheeler. She cursed at Patrick. She had a gun with her. Neither Donald (the child's father) nor Patrick saw who fired the shots.

Rebecca Coffey, the child's mother, explained that on the night of the shooting she was in the Blazer and was following the Jeep. When the Jeep turned off the road, the Blazer continued on. The Blazer window was shot out and Rebecca saw her daughter bleeding.

Just prior to the first gunshot, Patrick's girlfriend in the Blazer heard a woman's voice yell, "Y'all need to get them f-ing vehicles off my land[.]" Patrick's girlfriend heard another shot. Rebecca got out of the Blazer, and ran to find Donald and their son.

A witness who lived in the same vicinity as the Muhs's property testified that on the night of the incident he heard two gunshots about four seconds apart,

2

and that the shots sounded like they came from two different guns. Evidence was presented that the shots came from the general direction of the Muhs's property.

A short while before the shooting, Sheila was visiting her husband Gale, and was on the front porch of his house. Sheila and her husband were separated and did not live together. In the call Sheila made to 9-1-1, she admitted taking "a pot shot" with a 12-gauge shotgun at some people in a Jeep that were tearing up the levee.

Sheila admitted during an interview in the morning hours after the shooting that she was "pissed off" to begin with, acted "stupid" and "fl[ew] off the handle," and told the people in the Jeep to "get the hell off the lake levee." She admitted that she was not "in charge" of the lake levee and that she fired in the "general direction" of the Jeep.

In her first four issues appellant argues the indictment is defective. We address the arguments together as she does in her brief. She argues, "[L]ike manslaughter, deadly conduct should be eliminated as a possible underlying felony in a felony murder prosecution because the State in proving deadly conduct has eliminated its burden of proving an essential element of a murder, namely that the accused intended to cause injury when committing an act clearly dangerous to human life which is the essence of felony murder." The indictment alleged the following:

> SHEILA GAYE MUHS did then and there intentionally or knowingly commit or attempt to commit an act clearly dangerous to human life, to-wit: discharge or shoot a firearm in the direction of Donald R. Coffey, IV, that caused the death of Donald R. Coffey, IV, and the defendant was then and there in the course of intentionally or knowingly committing a felony, to-wit: Deadly Conduct, and said death of Donald R. Coffey, IV, was caused while the defendant was in the course of and in furtherance of the commission or attempt of said felony[.]

*See* Tex. Penal Code Ann. §§ 19.02, 22.05(b),(e) (West 2011). She contends that the indictment as written allowed the State to prove a reckless discharge of a firearm in the direction of an individual or vehicle, "and prove that the exact same act was intentionally and knowingly committing or attempting to commit an act clearly dangerous to human life." Muhs argues the indictment does not plead murder, because murder requires proof of intent to cause bodily injury at the time of the shooting. She did not file a motion to quash the indictment or object to any alleged errors in the form or substance of the indictment in the trial court. *See Teal v. State*, 230 S.W.3d 172, 177-78 (Tex. 2007) (indictment defects waiveable). She asserts nevertheless that because the same conduct establishing the offense of deadly conduct proved the offense of felony murder, the indictment lessened the State's burden of proof.

A conviction for felony murder under section 19.02(b)(3) of the Penal Code will not lie when the underlying felony is manslaughter or a lesser-included

4

offense of manslaughter. *Johnson v. State*, 4 S.W.3d 254, 258 (Tex. Crim. App. 1999). A person commits manslaughter if she recklessly causes the death of an individual. Tex. Penal Code Ann. § 19.04(a) (West 2011). Muhs does not argue that the deadly conduct offense alleged in the indictment is a lesser-included offense of manslaughter. But she contends that deadly conduct should also be exempted as an underlying offense to felony murder.

In *Johnson*, the Court of Criminal Appeals considered whether a defendant may be convicted of felony murder "[w]hen the underlying felony is injury to a child, and the acts that constitute that offense are the same acts that constitute 'an act clearly dangerous to human life.' Tex. Penal Code § 19.02(b)(3)." *Johnson*, 4 S.W.3d at 254. The appellant argued that "the acts allegedly forming the offense of injury to a child were the same acts relied upon by the State to prove appellant's commission of 'an act clearly dangerous to human life,' to wit, hitting the deceased with a blunt object." *Id.* at 255. The Court, however, disavowed a statement in an earlier opinion that there "'must be a showing of felonious criminal conduct other than the assault causing the homicide.'" *Id.* at 258 (quoting *Garrett v. State*, 573 S.W.2d 543, 546 (Tex. Crim. App. 1978)). Because the offense of injury to a child is not a lesser-included offense of manslaughter, the judgment was affirmed. *Id.*

5

Under *Johnson*, Muhs could be prosecuted for felony murder based on a homicide committed during the course of committing the deadly conduct alleged in the indictment. *See Yandell v. State*, 46 S.W.3d 357, 360-61 (Tex. App.—Austin 2001, pet. ref'd). Deadly conduct may be an underlying felony for felony murder. *Rodriguez v. State*, 953 S.W.2d 342, 354 (Tex. App.—Austin 1997, pet. ref'd) ("Appellant's conviction for felony murder under section 19.02(b)(3) with the underlying felony being deadly conduct (section 22.05) by repeatedly shooting a firearm into an automobile known to be occupied, an act clearly dangerous to human life, was proper."). The indictment here sufficiently alleged the elements of deadly conduct and felony murder to provide Muhs adequate notice of the charges. Issues one, two, three, and four are overruled.

In her fifth issue, Muhs challenges the sufficiency of the evidence supporting the jury's verdict. The "*Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). We assess all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S.

307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We give deference to the jury's responsibility to fairly resolve conflicting testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13.

Muhs stated in her 9-1-1 call that she saw the Jeep and took a "pot shot," and told law enforcement that she saw the Jeep drive off the road and that she fired a shotgun in the general direction of the Jeep. The shot killed Donald R. Coffey IV. Muhs knew the Jeep was occupied and she shot at the Jeep because she was upset that it was on the lake levee. Considering her admissions in light of all the evidence presented, a jury could reasonably find beyond a reasonable doubt that Muhs committed the offense of felony murder. Issue five is overruled. The trial court's judgment is affirmed.

AFFIRMED.

_____
DAVID GAULTNEY
Justice

Submitted on October 8, 2012
Opinion Delivered March 27, 2013
Do Not Publish

Before McKeithen, C.J., Gaultney and Horton, JJ.

7