PD-0711-17
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/18/2017 2:38 PM
Accepted 12/18/2017 3:19 PM
DEANA WILLIAMSON
CLERK

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

| | | |
|---|---|---|
| MARIAN FRASER, | § | |
| APPELLANT | § | |
| | § | |
| V. | § | NO. PD-0711-17 |
| | § | |
| THE STATE OF TEXAS, | § | |
| APPELLEE | § | |

On Discretionary Review Of The Decision Of The Court Of Appeals For The Seventh District Of Texas In Cause Number 07-15-00267-CR

§ § §
## STATE'S BRIEF ON THE MERITS
§ § §

MELINDA WESTMORELAND
Criminal District Attorney Pro Tem/
Independent Prosecutor
McLennan County, Texas

DEBRA WINDSOR
Assistant Criminal District Attorney Pro Tem
State Bar No. 00788692

R. DALE SMITH & DAVID L. RICHARDS
Assistant Criminal District Attorneys Pro Tem
Tim Curry Criminal Justice Center
401 W. Belknap
Fort Worth, Texas 76196-0201
(817) 884-1687
Fax (817) 884-1672
CCAappellatealerts@tarrantcountytx.gov

Oral argument is
requested &
has been granted.

# Table of Contents

Identity of Judge, Parties, & Counsel ............................................................... iii

Index of Authorities ................................................................................... iv

Statement of the Case.................................................................................. 1

Statement of Facts..................................................................................... 2

Question Presented For Review......................................................................... 5

> Can the felonies of reckless or criminally negligent injury to a child or reckless or criminally negligent child endangerment underlie a felony-murder conviction when the act underlying the felony and the act clearly dangerous to human life are one and the same?

Summary of the State's Arguments ..................................................................... 5

Arguments & Authorities............................................................................... 6

    1.    Appellant's felony-murder conviction is authorized by law............... 6

        a.    The allegations and evidence tracked the elements of felony-murder set forth in the Penal Code ........................................... 6

        b.    Reckless and criminally negligent injury to a child and endangering a child are not lesser-included offenses of manslaughter ........................................................................ 7

        c.    Appellant's prosecution was authorized ................................. 11

    2.    Other reasons discussed by the lower court do not prohibit appellant's felony-murder conviction ................................................. 12

        a.    Felony-murder has no culpable mental state .......................... 12

        b.    The merger doctrine, to the extent it survives, does not bar conviction.................................................................. 14

c.  Moral and conceptual equivalence between the four culpable mental states for injury to a child and endangering a child are not required ............................................................... 16

Prayer for Relief ................................................................................. 18

Certificate of Service ......................................................................... 18

Certificate of Compliance .................................................................. 19

ii

## Identity of Judge, Parties, & Counsel

Trial Court Judge:  The Honorable Ralph T. Strother, Presiding Judge of the 19th District Court of McLennan County, Texas

Parties to the Judgment:  Appellant, Marian Fraser and The State of Texas

Appellant's counsels at trial:  Gerald Villarrial, The Villarrial Law Firm, 3640 West Waco Drive, Waco, TX 76710, and Brian R. Pollard, Baker, Hancock & Pollard, P.O. Box 23309, Waco, TX 76702

Counsels for the State at trial:  Melinda Westmoreland, Criminal District Attorney Pro Tem / Independent Prosecutor for McLennan County, and R. Dale Smith, Assistant Criminal District Attorney Pro Tem, 401 W. Belknap St., Fort Worth, TX 76196

Appellant's counsel on appeal:  E. Alan Bennett, Sheehy, Lovelace & Mayfield, P.C., 510 N. Valley Mills Dr., Ste. 500, Waco, TX 76710

Counsels for the State on appeal:  Melinda Westmoreland, Criminal District Attorney Pro Tem / Independent Prosecutor for McLennan County, R. Dale Smith, Assistant Criminal District Attorney Pro Tem, and David L. Richards, Assistant Criminal District Attorney Pro Tem, 401 W. Belknap St., Fort Worth, TX 76196

Counsels for the State before the Court of Criminal Appeals:  Melinda Westmoreland, Criminal District Attorney Pro Tem / Independent Prosecutor for McLennan County, R. Dale Smith, Assistant Criminal District Attorney Pro Tem, Debra Windsor, Assistant Criminal District Attorney Pro Tem, and David L. Richards, Assistant Criminal District Attorney Pro Tem, 401 W. Belknap St., Fort Worth, TX 76196

# Index of Authorities

**Cases**                                                                                                **Page(s)**

*Contreras v. State*,
312 S.W.3d 566 (Tex. Crim. App.), *cert. denied,*
562 U.S. 987 (2010)......................................................................................7, 8, 16, 17

*Fraser v. State*,
523 S.W.3d 320
(Tex. App.—Amarillo 2017, pet. granted & pet. ref'd) .............................*passim*

*Johnson v. State*,
4 S.W.3d 254 (Tex. Crim. App. 1999) .....................................................7, 14, 15

*Lawson v. State*,
64 S.W.3d 396 (Tex. Crim. App. 2001) ...........................................................7, 16

*Lomax v. State*,
233 S.W.3d 302 (Tex. Crim. App. 2007) .......................................................13, 14

*Rice v. State*,
333 S.W.3d 140 (Tex. Crim. App. 2011) ...................................................8, 11, 15

**Statutes**

TEX. CODE CRIM. PROC. art. 37.09...............................................................8, 11, 15

TEX. CODE CRIM. PROC. art. 37.09(1) ..................................................................10

TEX. CODE CRIM. PROC. art. 37.09(2) ..................................................................10

TEX. CODE CRIM. PROC. art. 37.09(3) ..................................................................10

TEX. CODE CRIM. PROC. art. 37.09(4) ..................................................................11

TEX. PENAL CODE § 1.07(a)(26) ..................................................................9, 10, 11

TEX. PENAL CODE § 6.03.......................................................................................13

TEX. PENAL CODE § 19.02(b)(3) .....................................................................*passim*

TEX. PENAL CODE § 19.04(a) ..........................................................................*passim*

TEX. PENAL CODE § 22.04(a) ....................................................................*passim*

TEX. PENAL CODE § 22.04(c)(1) ...........................................................9, 10, 11, 15

TEX. PENAL CODE § 22.041(c) ................................................................*passim*

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

MARIAN FRASER,       §
      APPELLANT       §
      §
V.       §       NO. PD-0711-17
      §
THE STATE OF TEXAS,       §
      APPELLEE       §

On Discretionary Review Of The Decision Of The Court Of Appeals For The Seventh District Of Texas In Cause Number 07-15-00267-CR

To The Honorable Court Of Criminal Appeals Of Texas:

## Statement of The Case

A jury convicted appellant of felony-murder pursuant to TEX. PENAL CODE § 19.02(b)(3) for the death of CF, a four-month-old infant at her in-home daycare. (CR 1 at 106, 122). The felonies alleged to underlie the murder were injury to a child and endangering a child. (CR 1 at 6, 98-99). *See* TEX. PENAL CODE §§ 22.04(a), 22.041(c). The jury assessed punishment at fifty years' confinement and a $10,000 fine. (CR 1 at 117, 122). The Court of Appeals reversed the judgment of conviction and remanded the case for a new trial. *Fraser v. State,* 523 S.W.3d 320 (Tex. App.—Amarillo 2017, pet. granted & pet. ref'd). It held that the jury charge authorized conviction on theories not supported by the law—reckless or criminally negligent injury to a child or reckless or criminally negligent child endangerment. *Id.* at 334-35.

1

Appellant ran an exclusive in-home daycare, limiting her services to twelve children, infants through toddlers around two years of age or younger. (RR 5 at 25-26, 32; 6 at 79-80). One signature of her care was that the children were on a strict routine. (RR 5 at 35, 54; 6 at 82). Naps occurred from noon to 3:00 p.m. (RR 5 at 28). Parents were not welcome in the house during this time and were discouraged from picking up their children during these hours. (RR 5 at 28-30, 59; 6 at 82, 181, 239-40). If pick-up was necessitated by appointments or other obligations, parents were to call or message ahead and appellant would meet them outside with their child. (RR 5 at 60, 81-82; 6 at 82, 181, 239-40).

In March of 2013, appellant found four-month-old CF unresponsive near the end of nap-time. (RR 5 at 45, 160, 219; 7 at 267). Despite the best efforts and interventions of first responders and hospital personnel, CF died a short time later. (RR 4 at 11-18, 23-28, 44). Her death began to expose just how appellant managed to get twelve infants and toddlers to stay on such a strict napping routine. (RR 5 at 215). She administered diphenhydramine to them without their parents' knowledge or consent, even though it was labeled as not for use in children under two years of age. (RR 6 at 52, 116, 139, 174, 196, 221, 246, 262, 284, 309, 334, 357, 378).

All initially assumed that CF had died from SIDS, but later autopsy toxicology results shocked the small daycare community. (RR 5 at 46, 80, 101; 6 at 128-29,

374). Those results revealed that CF died from a lethal dose of diphenhydramine, the active ingredient in Benadryl and some common cold medications. (RR 5 at 46, 191; 6 at 37-40, 50, 52). Several parents rallied behind appellant and, in doing so, came to discover that their children also had been given diphenhydramine. (RR 6 at 86-92, 134).

Hair samples taken from the children, some from years' prior first haircut clippings, also tested positive for diphenhydramine. (RR 6 at 92, 135, 160, 194-95, 217-19, 245, 261, 283, 305-07, 331-33, 354-56, 376-77; 7 at 16-20, 95, 114-29). The positive samples spanned five years and fourteen children, not including CF. Many showed repeated doses of the medication. (RR 7 at 114-29, 131). Many of the fourteen other children had histories of ailments linked to diphenhydramine ingestion, such as chronic congestion, ear infections, extreme thirst, lethargy, vomiting, and tremors. (RR 6 at 82, 84, 112-13, 124, 154, 183, 205, 249, 257, 263, 284, 301, 311, 323-26; 7 at 31). The toxic levels of diphenhydramine in the sample of one child were so high that the instrument was unable to quantify the peak amount. (RR 7 at 127-28). This same child had suffered previously unexplained seizures, which could have been caused by ingesting diphenhydramine, during the time frame he attended appellant's daycare. (RR 6 at 22, 323-26; 7 at 128).

Despite the finding of diphenhydramine as causing CF's death, and the presence of it in fourteen other children who had attended her daycare, appellant

3

maintained that she did not administer the drug. (RR 5 at 172; 7 at 282). In fact, she told the jury in her testimony, she would not have done so because administering it to a child younger than two years of age was an act clearly dangerous to human life. (RR 7 at 282-84, 294). Evidence was presented on her behalf that not all laypersons would know that the drug, available in many over-the-counter formulations, was clearly dangerous to human life when given to a child younger than two. (RR 7 at 203-04, 218, 223).

The jury was thus presented with two main contested issues to resolve: Did appellant give CF diphenhydramine? And, if she did, was that an act clearly dangerous to human life? The jury resolved both issues in favor of the prosecution, convicting appellant of felony-murder, with the underlying felony being injury to a child or endangering a child. (CR 1 at 106, 122). The jury was instructed without objection on all four culpable mental states – intentionally, knowingly, recklessly, and criminally negligent –with regard to the underlying felonies. (CR 1 at 96-97; RR 8 at 4-5).

On appeal, the Amarillo Court of Appeals found that "the State's theory of prosecution and arguments, and the court's charge and instructions, allowed for a murder conviction on a basis not authorized by law" and it reversed appellant's conviction and remanded the case for a new trial. *Fraser,* 523 S.W.3d at 325. It seemed to base its opinion on four key misstatements of the law: (1) reckless and

4

criminally negligent injury to a child and endangering a child are lesser-included offenses of manslaughter; (2) felony-murder is a result-oriented offense; (3) the act clearly dangerous to human life is subsumed by the underlying felonies under the merger doctrine; and (4) reckless and criminally negligent injury to a child and endangering a child can never support a felony-murder conviction because they are not morally and conceptually equivalent to murder or to intentionally or knowingly injuring a child or endangering a child. *See id.* at 328-334.

## Question Presented For Review

Can the felonies of reckless or criminally negligent injury to a child or reckless or criminally negligent child endangerment underlie a felony-murder conviction when the act underlying the felony and the act clearly dangerous to human life are one and the same?

## Summary of the State's Arguments

Yes, all four mental states of injury to a child and endangering a child can support a felony-murder conviction even if the act underlying the felony and the act clearly dangerous to human life are one and the same. Contrary to the Amarillo Court of Appeals' opinion, injury to a child and endangering a child are not lesser-included offenses of manslaughter, felony-murder is not a result-oriented offense, the act clearly dangerous to human life is not subsumed by the underlying felonies

under the merger doctrine, and moral or conceptual equivalence of the alternative underlying felonies to murder or to each other is not required.

**Arguments & Authorities**

**1.      Appellant's felony-murder conviction is authorized by law**

**a.      The allegations and evidence tracked the elements of felony-murder set forth in the Penal Code**

Appellant was charged with the felony-murder of CF.  (CR 1 at 6).  The Penal Code states that a person commits felony-murder if she:

> Commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, (s)he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

TEX. PENAL CODE § 19.02(b)(3).  In this case, appellant committed or attempted to commit a felony, injury to a child or endangering a child, and in the course or furtherance of the commission or attempt, she committed or attempted to commit an act clearly dangerous to human life, administering diphenhydramine to CF or causing CF to ingest diphenhydramine, which caused the death of CF.  (CR 1 at 6, 98-99).  The prosecution's allegations, which the jury found credible, tracked the elements of the offense set forth in the Penal Code.  (CR 1 at 6, 98-99).

6

**b. Reckless and criminally negligent injury to a child and endangering a child are not lesser-included offenses of manslaughter**

As quoted above, the felony-murder statute states that the underlying felony must be one "other than manslaughter." TEX. PENAL CODE § 19.02(b)(3). This Court has interpreted that to mean that "a conviction for felony murder under section 19.02(b)(3), will not lie when the underlying felony is manslaughter or a lesser included offense of manslaughter." *Johnson v. State,* 4 S.W.3d 254, 258 (Tex. Crim. App. 1999); *see also Lawson v. State,* 64 S.W.3d 396, 396-97 (Tex. Crim. App. 2001). The lower court stated that reckless and criminally negligent injury to a child and endangering a child are lesser-included offenses of manslaughter. *Fraser,* 523 S.W.3d at 333-34.

Reckless and criminally negligent injury to a child and endangering a child are not lesser-included offenses of manslaughter. In *Johnson,* this Court flatly stated, "The offense of injury to a child is not a lesser included offense of manslaughter." *Johnson,* 4 S.W.3d at 258. The lower court dismissed this holding, however, by examining the clerk's record in that case and noting that, with regard to the underlying felony, the *Johnson* jury was charged only with the culpable mental state of intentionally injuring a child. *Fraser,* 523 S.W.3d at 332. But in *Contreras v. State,* 312 S.W.3d 566, 584 (Tex. Crim. App.), *cert. denied,* 562 U.S. 987 (2010), the Court again stated, "The offense of 'injury to a child' can qualify as an

7

underlying felony in a felony murder prosecution," and the opinion explicitly stated that the charge in the case alleged the four culpable mental states in the alternative. *Id.* at 583-84.

This Court's statements are correct, regardless of the culpable mental state alleged. An offense is a lesser-included offense if, after comparing the elements and facts alleged in the indictment with the elements of the lesser offense, the proof necessary to establish the charged offense also includes the lesser offense. *See, e.g., Rice v. State,* 333 S.W.3d 140, 144 (Tex. Crim. App. 2011). Further, TEX. CODE CRIM. PROC. art. 37.09 states that an offense is a lesser-included offense if:

> (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
>
> (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;
>
> (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or
>
> (4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX. CODE CRIM. PROC. art. 37.09. Under either description, injury to a child and endangering a child are not lesser included offenses of manslaughter.

A person commits the offense of manslaughter "if (s)he recklessly causes the death of an individual." TEX. PENAL CODE § 19.04(a). As applicable here, a person commits the offense of injury to a child "if (s)he intentionally, knowingly,

8

recklessly, or with criminal negligence, by act . . . causes to a child . . . serious bodily injury . . . or bodily injury." TEX. PENAL CODE § 22.04(a). A "child" is defined in the statute as "a person 14 years of age or younger." TEX. PENAL CODE § 22.04(c)(1). As applicable here, a person commits the offense of endangering a child "if (s)he intentionally, knowingly, recklessly, or with criminal negligence, by act . . . engages in conduct that places a child younger than 15 years in imminent danger of death, bodily injury, or physical or mental impairment." TEX. PENAL CODE § 22.041(c).

Injury to a child and endangering a child require, as an element, proof that the defendant caused the injury to "a child," defined as "a person 14 years of age or younger" in the injury to a child statute and as "younger than 15 years" in the endangering statute. TEX. PENAL CODE § 22.04(a), (c)(1); TEX. PENAL CODE § 22.041(c). In contrast, manslaughter contains no such requirement, but applies if the defendant caused the death of "an individual." TEX. PENAL CODE § 19.04(a).

While every child is an individual, not every individual is a child. *Compare* TEX. PENAL CODE § 22.04(c)(1) (defining "child" as "a person 14 years of age or younger") *and* TEX. PENAL CODE § 22.041(c) (modifying "child" with "younger than 15 years") *with* TEX. PENAL CODE § 1.07(a)(26)(defining "individual" as "a human being who is alive, including an unborn child at every stage of gestation from fertilization until birth.") The proof necessary to establish manslaughter, that death was caused to an individual, does not include the proof necessary to establish injury

9

to or endangering a child. *Compare* TEX. PENAL CODE § 19.04(a) *and* TEX. PENAL CODE § 1.07(a)(26) *with* TEX. PENAL CODE § 22.04(a), (c)(1) and TEX. PENAL CODE § 22.041(c). Additionally, because proof of a "child," not just an "individual," is needed to establish the offenses of injury to a child and endangering a child, those offenses are not established by proof of the same or less than all the facts required to establish the commission of manslaughter. TEX. CODE CRIM. PROC. art. 37.09(1).

Injury to a child and endangering a child also do not differ from manslaughter only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission. TEX. CODE CRIM. PROC. art. 37.09(2). Again, injury to a child and endangering a child require proof of an injury to or the endangering of a "child," not an "individual" as manslaughter does. *Compare* TEX. PENAL CODE § 19.04(a) *and* TEX. PENAL CODE § 1.07(a)(26) *with* TEX. PENAL CODE § 22.04(a), (c)(1) *and* TEX. PENAL CODE § 22.041(c).

Injury to a child and endangering also do not differ from manslaughter only in the respect that a less culpable mental state suffices to establish their commission. TEX. CODE CRIM. PROC. art. 37.09(3). Like manslaughter, both can be established with recklessness. While they also can be committed with criminal negligence, again both require proof of a "child," not an "individual." *Compare* TEX. PENAL CODE § 19.04(a) *and* TEX. PENAL CODE § 1.07(a)(26) *with* TEX. PENAL CODE § 22.04(a), (c)(1) *and* TEX. PENAL CODE § 22.041(c). Finally, neither injury to a child

nor endangering a child consist of an attempt to commit manslaughter. TEX. CODE CRIM. PROC. art. 37.09(4). Injury to a child and endangering a child are not lesser included offenses of manslaughter. *See Rice v. State,* 333 S.W.3d at 144; TEX. CODE CRIM. PROC. art. 37.09.

### c. Appellant's prosecution was authorized

Again, the State alleged that appellant committed or attempted to commit a felony, injury to a child or endangering a child, and in the course or furtherance of the commission or attempt, she committed or attempted to commit an act clearly dangerous to human life, administering diphenhydramine to CF or causing CF to ingest diphenhydramine, which caused the death of CF. (CR 1 at 6, 98-99). These allegations, found credible by the jury, tracked the elements of felony-murder set forth in the Penal Code. (CR 1 at 6, 98-99). *See* TEX. PENAL CODE § 19.02(b)(3). Moreover, injury to a child and endangering a child, even with a reckless or criminally negligent culpable mental state, are not lesser offenses of manslaughter because they require additional proof that a child was injured or endangered, so that either can serve as the underlying felony for a felony-murder conviction. *Compare* TEX. PENAL CODE § 19.04(a) *and* TEX. PENAL CODE § 1.07(a)(26) *with* TEX. PENAL CODE § 22.04(a), (c)(1) *and* TEX. PENAL CODE § 22.041(c). Appellant's prosecution for and conviction of felony-murder was authorized by law and the trial court's judgment should have been affirmed.

11

**2. Other reasons discussed by the lower court do not prohibit appellant's felony-murder conviction**

A holding that reckless and criminally negligent injury to a child and endangering a child are not lesser offenses of manslaughter, contrary to the opinion below, is enough to reverse the lower court's judgment and affirm the trial court's judgment and the jury's verdict. Nevertheless, the lower court's opinion contains other misstatements of law upon which it seemed to base its opinion that the prosecution in this case was not authorized. *See Fraser,* 523 S.W.3d at 328-34. An examination of each shows that they also did not justify the overturning of appellant's conviction.

**a. Felony-murder has no culpable mental state**

The lower court found that felony-murder is a result-oriented offense and that the culpable mental state for the underlying felony is sufficient to transfer the intent to cause death to the felony-murder offense. *Id.* at 328-29. It stated that felony-murder is a result-oriented offense, that "the culpable mental state necessary for the underlying felony is sufficient to transfer the intent to cause death (or at least the culpable mental state required to commit an act clearly dangerous to human life not otherwise encompassed in the definition of manslaughter) to the felony-murder offense," and "the act which is 'clearly dangerous to human life that causes the death of an individual' cannot be an act that causes the death of an individual by reckless or criminally negligent conduct." *Id.*

12

However, as this Court has explained, felony-murder, as set out in TEX. PENAL CODE § 19.02(b)(3), "plainly dispenses with a culpable mental state." *Lomax v. State,* 233 S.W.3d 302, 305-07 (Tex. Crim. App. 2007). "[T]he very nature of the felony-murder rule is that there is no culpable mental state 'for the act of murder.'" *Id.* at 306-07. The Court has described the historical purpose of the felony-murder rule as "to make a person guilty of an 'unintentional' murder when he causes another person's death during the commission of some type of a felony." *Id.* at 305. Moreover, the "act clearly dangerous to human life" does not require a culpable mental state. *Lomax,* 233 S.W.3d at 307 n.16. Felony-murder is not, therefore, a result-oriented, or result-of-conduct, offense. *See* TEX. PENAL CODE § 6.03; *Lomax,* 233 S.W.3d at 305-07.

The underlying felonies in this case, injury to a child or endangering a child, do require a culpable mental state. *See* TEX. PENAL CODE § 22.04(a); TEX. PENAL CODE § 22.041(c). The injury to a child and endangering a child statutes provide that those felonies may be committed intentionally, knowingly, recklessly, or with criminal negligence. *See* TEX. PENAL CODE § 22.04(a); TEX. PENAL CODE § 22.041(c). That the jury was instructed that those felonies could be committed with any of the four culpable mental states set out in the penal statutes defining those offenses did not somehow cause appellant's felony-murder conviction to be

13

unauthorized. (CR 1 at 98-99). *See* TEX. PENAL CODE 19.02(b)(3); *Lomax,* 233 S.W.3d at 305-07.

### b. The merger doctrine, to the extent it survives, does not bar conviction

The lower court found that because the act alleged to be clearly dangerous to human life was the same as the underlying felonies, it was subsumed by them under the merger doctrine. *Fraser,* 523 S.W.3d at 330-34. However, little of the former merger doctrine remains. In *Johnson,* 4 S.W.3d at 256-58, the Court rejected the idea that the felony-murder statute or the merger doctrine required the defendant to commit an underlying felony plus an additional act (other than the conduct covered by the underlying felony) that was clearly dangerous to human life. The Court explained:

> We disavow our overly broad statement in *Garrett* [*v. State,* 573 S.W.2d 543, 545 (Tex. Crim. App. 1978)] that in order to support a conviction under the felony murder provision, "[t]here must be a showing of felonious criminal conduct other than the assault causing the homicide." *Garrett,* 573 S.W.2d at 546. We hold *Garrett* did not create a general "merger doctrine" in Texas. The doctrine exists only to the extent consistent with section 19.02(b)(3). Thus, *Garrett* hereinafter stands only for the proposition that a conviction for felony murder under section 19.02(b)(3), will not lie when the underlying felony is manslaughter or a lesser included offense of manslaughter.

*Johnson,* 4 S.W.3d at 258. Thus, appellant's act of administering to or causing CF to ingest diphenhydramine was not subsumed by the underlying felonies of injury to child and endangering a child. *See id.*

14

The lower court read the *Johnson* holding to mean, "if the underlying felony conduct and the act clearly dangerous to human life were subsumed within the statutory definition of manslaughter (or a lesser-included offense), then the merger doctrine was applicable, rendering a felony-murder prosecution inappropriate." *Fraser,* 523 S.W.3d at 331. It stated its concern that "[t]o permit this [conviction] would be to allow every reckless or criminally negligent act resulting in the death [of] a child to be prosecuted as murder." *Id.* at 334.

Again, reckless or criminally negligent injury to a child and endangering a child are not lesser included offenses of manslaughter because they require proof of a "child" which manslaughter does not. *See* TEX. PENAL CODE § 19.04(a); TEX. PENAL CODE § 22.04(a), (c)(1); TEX. PENAL CODE § 22.041(c); TEX. CODE CRIM. PROC. art. 37.09; *Rice,* 333 S.W.3d at 144. Because they are neither manslaughter nor lesser offenses of manslaughter, the felony-murder statute allows them to serve as the underlying felony in a felony-murder prosecution. *See Johnson,* 4 S.W.3d at 258. Moreover, the felony-murder rule authorizes conviction upon proof of any felony or attempted felony, except manslaughter, in the course of which or in flight from which the defendant commits or attempts an act clearly dangerous to human life that causes death. TEX. PENAL CODE § 19.02(b)(3). As Judge Cochran explained in her concurring opinion in *Lawson,*

> But not every instance of aggravated assault, injury to a child, criminal mischief, etc. ends in death. Not every instance of these offenses is the

15

result of an act that is clearly dangerous to human life. Not every instance of these offenses would automatically be upped to felony murder. Use of these offenses as the basis of a felony murder prosecution do not pose the same logical and legal problem of merger that involuntary manslaughter has always been recognized, both at common law and in felony murder statutes, as posing.

*Lawson,* 64 S.W.3d at 400-01 (Cochran, J., jointed by Keller, P.J., Keasler and Holcomb, J.J.). The merger doctrine does not bar appellant's conviction.

### c. Moral and conceptual equivalence between the four culpable mental states for injury to a child and endangering a child are not required

Finally, the lower court seemed to find that reckless and criminally negligent injury to a child and endangering a child could not support a felony-murder conviction because they were not morally and conceptually equivalent to murder or to intentionally or knowingly injuring a child or endangering a child. *Fraser,* 523 S.W.3d at 329. However, this Court has rejected any requirement of moral or conceptual equivalence. *Contreras,* 312 S.W.3d at 584-85.

In *Contreras,* this Court rejected the notion that the underlying felonies themselves had to be morally equivalent. *Id.* at 583-85. The underlying offense in *Contreras* was injury to a child and the jury was charged as to all four culpable mental states. *Id.* at 583. The defendant complained on appeal that the alternative submission of the culpable mental states violated his right to a unanimous jury. *Id.* In rejecting this argument, the Court noted its prior holding that the "specifically

16

named felonies" were not "elements about which a jury must be unanimous." *Id.* at 584. This Court explained:

> The point of the felony murder statute is to punish, as murder, a killing occurring during the course of a serious crime, the exact seriousness of the underlying crime not being a particular concern, so long as it is serious enough to be considered a "felony."

*Id.* at 585. It also stated that application of a rule of moral equivalence was inappropriate in that case because "the jury was unanimous at least as to the culpable mental state of criminal negligence." *Id.* Because appellant committed or attempted to commit a felony, injury to a child or endangering a child, and in the course or furtherance of the commission or attempt, she committed or attempted to commit an act clearly dangerous to human life, administering diphenhydramine to CF or causing CF to ingest diphenhydramine, which caused the death of CF, a felony-murder prosecution was authorized. *See* TEX. PENAL CODE § 19.02(b)(3); *Contreras,* 312 S.W.3d at 584-85.

## Prayer For Relief

The State prays that this Court will reverse the judgment of the Seventh Court of Appeals and affirm the trial court's judgment.

Respectfully submitted,

MELINDA WESTMORELAND
Criminal District Attorney Pro Tem/
Independent Prosecutor
McLennan County, Texas

/s/ Debra Windsor
DEBRA WINDSOR
Assistant Criminal District Attorney Pro Tem
State Bar No. 00788692

R. DALE SMITH & DAVID L. RICHARDS
Assistant Criminal District Attorneys Pro Tem
Tim Curry Criminal Justice Center
401 W. Belknap
Fort Worth, Texas 76196-0201
(817) 884-1687
Fax (817) 884-1672
CCAappellatealerts@tarrantcountytx.gov

## Certificate Of Service

A true copy of the State's Brief On The Merits has been e-served on counsel for appellant, E. Alan Bennett at abennett@slmpc.com, and on Stacy M. Soule, State Prosecuting Attorney, at information@spa.texas.gov, on this 18th day of December, 2017.

/s/ Debra Windsor
DEBRA WINDSOR

18

## Certificate Of Compliance

This document complies with the typeface requirements of TEX. R. APP. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of TEX. R. APP. P. 9.4(i) because it contains 3,985 words, as computed by Microsoft Office Word 2013, the computer program used to prepare the document.

/s/ Debra Windsor
DEBRA WINDSOR